UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE HALILI GALVAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., et al., <br><br> Defendants. | No. 2:17-cv-01823-TLN-EFB <br><br><br> **ORDER** |

This matter is before the Court pursuant to Defendant JPMorgan Chase Bank, N.A. ("Chase") and U.S. Bank, N.A.'s ("U.S. Bank") (collectively referred to as "Defendants") Motion to Dismiss. (ECF No. 4.) Plaintiff Felipe Halili Galvan, Jr. ("Plaintiff") opposes Defendants' Motion. (ECF No. 6.) After carefully considering the parties' briefing and for the reasons set forth below, the Court hereby GRANTS Defendants' Motion to Dismiss. (ECF No. 4).

///
///
///
///
///
///
///

1

# I. FACTUAL AND PROCEDURAL BACKGROUND[1]

In June 2006, Plaintiff executed a 40-year adjustable rate mortgage relating to real property at 489 Arguello Drive in Benicia, California ("Property"). (Compl., ECF No. 1-1 at 11, ¶ 6.) The Deed of Trust identifies Washington Mutual Bank F.A. as the lender ("Washington Mutual"). (ECF No. 1-1 at 11, ¶ 6.) Washington Mutual failed in 2008, and Chase acquired the company from the FDIC in 2008. (ECF No. 1-1 at 13, ¶ 10.) Thus, Chase acquired Washington Mutual's ownership and servicing obligations as to Plaintiff's loan. (ECF No. 1-1 at 13, ¶ 10.)

In February 2009, LSI Title Company, as an agent for the beneficiary, issued Plaintiff a Notice of Default. (ECF No. 1-1 at 13, ¶ 13.) In the fall of 2009, Plaintiff started a three-month Trial Payment Plan with Chase Home Finance, the arm of Chase that financed the loan. (ECF No. 1-1 at 14, ¶ 16.) Plaintiff made payments in November and December 2009, but Chase Home Finance advised Plaintiff that his January 2010 payment was overdue. (ECF No. 1-1 at 15, ¶ 17.) Plaintiff alleges he contacted Chase Home Finance and was given a grace period to submit the final check. (ECF No. 1-1 at 15, ¶ 17.) In February 2010, Plaintiff alleges Chase Home Finance returned all three of Plaintiff's uncashed checks. (ECF No. 1-1 at 15, ¶ 19.) Plaintiff alleges Chase had no intention of honoring the terms of the payment plan or providing Plaintiff with a permanent loan modification. (ECF No. 1-1 at 15, ¶ 19.) Rather, Plaintiff alleges Chase acted in bad faith while it continued to pursue foreclosure of Plaintiff's home. (ECF No. 1-1 at 15, ¶ 19.) Chase sold the property in a foreclosure sale on February 24, 2010. (ECF No. 1-1 at 15–16, ¶ 20.)

Plaintiff also alleges Washington Mutual securitized Plaintiff's loan through sale to WaMu Mortgage Pass-Through Certificates Series 2006-AR17 ("WaMu 2006-AR17") in 2008. (ECF No. 1-1 at 17, ¶ 30.) In other words, Plaintiff alleges Washington Mutual sold Plaintiff's loan to WaMu 2006-AR17 before Chase acquired Washington Mutual's assets. (ECF No. 1-1 at 17, ¶ 30.) Therefore, according to Plaintiff, Chase had no authority to foreclose. (ECF No. 1-1 at 17, ¶ 30.)

---

[1] The Court takes the following recitation of facts, sometimes verbatim, from Plaintiff's Complaint. (ECF No. 1-1 at 10–25.)

Plaintiff further alleges that any applicable statute of limitations is subject to equitable tolling because he is not in the banking industry and knew nothing about the securitization of mortgage loans until 2016. (ECF No. 1-1 at 18, ¶ 33.) In the fall of 2016, Plaintiff alleges a friend introduced Plaintiff to a forensic mortgage loan auditor. (ECF No. 1-1 at 18, ¶ 33.) The auditor issued Plaintiff a report allegedly showing Plaintiff's mortgage had been securitized, and thus, Chase held no interest in his loan at the time of foreclosure. (ECF No. 1-1 at 18, ¶ 33.)

Plaintiff filed his Complaint on August 2, 2017. (ECF No. 1-1 at 10.) He alleges four causes of action: 1) wrongful foreclosure; 2) violation of California Business & Professions Code § 17200 ("Cal. Bus. & Prof. Code § 17200"); 3) negligence; and 4) unjust enrichment. (ECF No. 1-1 at 10.) Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (ECF No. 4.) Defendants challenge Plaintiff's Complaint on several grounds, but their threshold argument is that the applicable statute of limitations bars each of Plaintiff's claims. (ECF No. 4 at 13–15.)

## II.  STANDARD OF LAW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

3

relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should

4

freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III.   ANALYSIS

Plaintiff's Complaint alleges four separate causes of action against Defendants: 1) wrongful foreclosure; 2) violation of Cal. Bus. & Prof. Code § 17200; 3) negligence; and 4) unjust enrichment. (ECF No. 1-1 at 10.) Defendants' move to dismiss all Plaintiff's causes of action for failure to state a claim under Rule 12(b)(6). (Defs' Mot. to Dismiss, ECF No. 4 at 16–22.) Defendants further argue this Court should dismiss the Complaint because the applicable statute of limitations bars each of Plaintiff's claims. (ECF No. 4 at 13–15.) Plaintiff counters that the statute of limitations for each claim was equitably tolled under the discovery rule. (Pl's Opp'n to Def's Mot. to Dismiss, ECF No. 6 at 12–14.) Because the Court finds the statute of limitations issue to be dispositive in this case, it does not address the parties' remaining arguments.

Under California law,[2] a cause of action accrues upon completion of all its elements, which usually occurs upon the date of a plaintiff's injury. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). But this general rule is subject to the discovery rule exception, which tolls a statute of limitation until the plaintiff either discovers or has reason to discover the existence of a claim. *Id.* At that point, the plaintiff must conduct a reasonable investigation and will be charged with knowledge that would have been revealed upon such investigation. *Id.*

Defendants argue that the statute of limitations is 1) three years for a wrongful foreclosure under California Code of Civil Procedure ("CCP") § 338; 2) four years for a violation of Cal. Bus. & Prof. Code § 17200; 3) two years for negligence under CCP § 335.1; and 4) three years

---

[2] The substantive law of the forum state applies to an action removed to federal district court for diversity jurisdiction. *Stanford Ranch, Inc. v. Maryland Cas. Co.*, 89 F.3d 618, 624 (9th Cir. 1996). The instant action was removed from California state court to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1.) Therefore, California law applies.

5

for unjust enrichment under CCP § 338. (ECF No. 4 at 13–15.) Plaintiff only disputes the statute of limitations for negligence, stating it should be three years under CCP § 338 because his claim is rooted in fraud. (ECF No. 6 at 12.) Regardless of the dispute, neither party alleges that any of Plaintiff's claims have a statute of limitations running longer than four years. Plaintiff's claims stem from allegations that Chase proceeded with loan modification in bad faith and did not have an interest in Plaintiff's loan at the time of foreclosure. (ECF No. 6 at 8–11.) The wrongful foreclosure was completed by the foreclosure sale on February 24, 2010, but Plaintiff did not file suit until over seven years later, on August 2, 2017. Thus, the Court finds that the Plaintiff's claims are time-barred unless the discovery rule applies.

The Court now turns to the discovery rule. Plaintiff argues that the discovery rule tolled the statute of limitations for each claim because he did not discover and had no reason to suspect the wrongful nature of the foreclosure until 2016, when he hired a forensic mortgage loan auditor. (ECF No. 6 at 13.) The audit allegedly revealed for the first time that Chase did not have an interest in Plaintiff's loan at the time of foreclosure. (ECF No. 6 at 13.) Plaintiff asserts he could not have discovered this injury sooner because he is unfamiliar with the banking industry and securitization of loans. (ECF No. 6 at 13.) Defendants argue that Plaintiff's explanation for delayed discovery is inadequate, and the claims accrued in 2010 because Plaintiff was aware of his injury upon the foreclosure of the property. (ECF No. 4 at 13–15.)

The instant case mirrors another case recently decided in this district. *Herfurth v. CitiMortgage, Inc.*, No. 2:14-cv-01037-JAM-CKD, 2014 WL 5797446, *1 (E.D. Cal. 2014). In *Herfurth*, the plaintiffs obtained a loan for real property through CitiMortgage ("defendant") in 2005. *Id.* at *1. In 2008, the plaintiffs sought a loan modification, but the defendant informed the plaintiffs that they would only be considered for modification if they stopped making loan payments. *Id.* After the plaintiffs defaulted on the loan, the defendant sold the property in a foreclosure sale in 2009. *Id.* The plaintiffs further alleged that an improper securitization attempt took place before the foreclosure, which failed to conform to statutorily and contractually required procedure. *Id.*

///

6

The plaintiffs did not file a complaint until 2014, over five years after the foreclosure sale. *Id.* at *2. They explained that they had no way of knowing about the securitization of their loan until 2013, when they hired a securitization auditor to investigate the history of the loan. *Id.* at *1. The complaint alleged 1) wrongful foreclosure, 2) conversion, and 3) a violation of Cal. Bus. & Prof. Code § 17200, all stemming from the alleged securitization of the plaintiffs' loan. *Id.* at *2.

The issue before the district court was whether the plaintiffs' claims were time-barred, or whether the discovery rule tolled the statute of limitations for each claim. *Id.* When explaining the discovery rule, the *Herfurth* court noted, "we look to whether the plaintiffs have reason to at least suspect that *a type of wrongdoing* has injured them." *Id.* at *3 (quoting *Platt Elec. Supply, Inc.*, 522 F.3d at 1055) (emphasis added). The court then stated, "the Ninth Circuit has rejected a 'hypertechnical approach to the application of the discovery rule:' a plaintiff is 'required to conduct a reasonable investigation after becoming aware of an injury,' even if it is not ultimately that specific injury which gives rise to her cause of action." *Herfurth*, 2014 WL 5797446 at *3 (quoting *Platt Elec. Supply, Inc.*, 522 F.3d at 1055).

The *Herfurth* court found that the plaintiffs became aware of an injury during the failed loan modification and subsequent foreclosure in 2009, and a securitization audit would have been part of a reasonable investigation in response to that injury. *Herfurth*, 2014 WL 5797446 at *3–4. Furthermore, the court emphasized that nothing prevented plaintiffs from investigating the issue or retaining counsel at a sooner date. *Id.* at *4. The court determined that had the plaintiffs reasonably investigated after the injury in 2009, they would have discovered the securitization-based causes of action and could have filed a complaint within the statute of limitations period. *Id.* Therefore, the *Herfurth* court declined to apply the discovery rule and held that the statute of limitations barred each of the plaintiffs' claims. *Id.*

This Court agrees with the reasoning from *Herfurth* and *Platt* and now applies that reasoning to the instant case. A statute of limitations is triggered when a plaintiff at least suspects an injury. *Platt Elec. Supply, Inc.*, 522 F.3d at 1054. By Plaintiff's own admission, he was aware of an injury in 2010. (ECF No. 6 at 10.) Like the *Herfurth* plaintiffs, Plaintiff here alleges his

7

attempted loan modification failed due to bad faith by the lender. (ECF No. 6 at 10.) According to Plaintiff, he started a three-month Trial Payment Plan in 2009. (ECF No. 6 at 10.) Plaintiff alleges he made payments in November and December 2009, but was advised that his January 2010 payment was overdue. (ECF No. 6 at 10.) Despite submitting the third check for the payment plan, Plaintiff alleged Chase Home Finance returned all three of Plaintiff's uncashed checks, and Chase sold the property in a foreclosure sale shortly thereafter. (ECF No. 6 at 10.) As Plaintiff put it, he believed Chase acted in "bad faith" and "had no intention of honoring the terms [of the payment plan] or providing Plaintiff with a permanent loan modification." (ECF No. 6 at 10.) Thus, based on the Plaintiff's own words, the Court finds that he discovered or at least suspected an injury prior to the foreclosure sale in February 2010.

       The discovery rule requires that a plaintiff proceed with a reasonable investigation upon discovering or suspecting an injury, as the plaintiff will be charged with knowledge that would have been revealed upon such investigation. *Platt Elec. Supply, Inc.*, 522 F.3d at 1054. As the court found in *Herfurth*, a securitization audit falls within the scope of a reasonable investigation after Plaintiff's failed loan modification and subsequent foreclosure in 2010. *Herfurth*, 2014 WL 5797446 at *4. Nothing prevented Plaintiff from seeking counsel sooner than 2016, and Plaintiff's previous unfamiliarity with the banking industry and securitization loans does not excuse his inaction. Like *Herfurth*, had Plaintiff commenced an audit sooner, he would have discovered the alleged injury with sufficient time to file a complaint within the statute of limitations for each claim. *Id.* Yet Plaintiff waited until 2016 to hire a forensic mortgage loan auditor and did not file a complaint until 2017. The allegations in Plaintiff's Complaint suggest that the information giving rise to his claims was available upon reasonable investigation after his foreclosure in 2010, which was seven years before he filed the complaint and well within the longest statute of limitations of four years. For the foregoing reasons, the Court finds that Plaintiff cannot invoke the discovery rule, and the applicable statute of limitations bars each of Plaintiff's claims. Therefore, Defendants' Motion to Dismiss is granted. Based on these findings, the Court concludes that amendment of the complaint would be futile. Thus, it declines to grant Plaintiff leave to file an amended complaint.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is hereby GRANTED without leave to amend. (ECF No. 4.) The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: September 10, 2018

Troy L. Nunley
United States District Judge